## LUCIUS RATCLIFF *v.* STATE.

[54 South. 947.]

CRIMINAL LAW.  *Arson.   Sufficiency of evidence.*

> Where on a trial for arson the burning of the house was abundantly
> shown, but the only evidence that the burning was caused by a
> criminal agency was an alleged confession by accused and several
> slight circumstances tending to establish such criminal agency,
> but wholly insufficient for that purpose, a conviction will be
> reversed.

APPEAL from the circuit court of Lawrence county.
HON. A. E. WEATHERSBY, Judge.

Lucius Ratcliff was tried and convicted of arson and
appeals.

The facts of the case are substantially as follows:   In
April, 1909, the dwelling house of. Elijah Boone was
burned in the night time; the fire originated in the smoke
house located about six feet from the dwelling house.
Lucius Ratcliff was charged with the burning of this
house.   The witness testified that a track was found lead-
ing away from the burned house on the morning after
the burning which corresponded exactly with the track
made by Lucius Ratcliff.   There was also evidence that
on the night of the fire a great many people had been
around the house.   There was an alleged confession by
Ratcliff that he had burned the house, but this was de-
nied; but when Ratcliff was arrested, he escaped from
the officers and was at large some time before arrested.
All the material facts were disputed by witnesses for
the defense.

*J. C. Oakes,* for appellant.

In reference to the eleventh assignment of error, as
discussed by the attorney-general, I concede that there

is some authority for his position, but the great weight of authority is that to make a confession admissible, it must be shown, affirmatively, that it was voluntary. The trend of the opinions rendered in this state uphold the doctrine that all confessions are presumptively involuntary and inadmissible, as announced in the case of *Jackson* v. *State*, 83 Ala. 76, 3 So. Rep. 847. The testimony of Zachary nowhere shows that the alleged confession was voluntary, and it would do violence to our understanding of human nature and human affairs to suppose that the appellant just up and made such a confession to Zachary, with no more preliminaries than was detailed by that witness. If such conversation did really take place (which I cannot believe), it would be unreasonable to suppose that Zachary detailed on the witness stand the whole of it. If the appellant did in fact make such a confession to Zachary, there was something that induced him to do so.

In reference to the 13th assignment of error, argued by the attorney-general, I beg to take issue with counsel on his theory that the smoke house was in such close proximity to the dwelling that it could not have burned without the dwelling also. The smoke house was at least six feet away from the dwelling, and the latter might have been saved from burning, had the fire been discovered in time.

Section 1038 of the Code of 1906: "Every person who shall willfully set fire to or burn, in the night time, and shop, warehouse, outhouse, or other building, not mentioned in the preceding sections, but adjoining to, or within the curtilage of, any house in which some human being shall usually stay, lodge, or reside at night, so that such human being, or the house in which such human being shall so usually stay, lodge, or reside at night, shall be thereby endangered, such person, so offending, shall be guilty of arson, and upon conviction thereof,

shall be imprisoned in the penitentiary not less than ten years.''

If anybody willfully burned this house, the person who did it might, by proper indictment and proof, be convicted under section 1038, but never for the capital offense denounced by section 1036. Section 1038 was designated to cover just such a case as this one.

The statute, section 1036 of the Code, under which this indictment was drawn and conviction had, was intended to punish those miscreants who maliciously set fire to and burn, in the night time, dwellings, where he has reason to believe human beings are peacefully sleeping, with the intent thereby to destroy human life, or with a reckless disregard of human life. Nothing less than the taking of human life, or the attempt to take it, or wholly depraved disregard of it, could justify so severe a penalty as provided in the statute. The crime would not be so heinous if the fire was set to a house adjoining the dwelling, so that the occupants of the dwelling would necessarily be alarmed by the burning in time to escape, and the penalty for such a crime is fixed at not less than ten years by section 1038 of the Code of 1906. Can it be said that this smoke house was any closer to the dwelling than to adjoin it? If so, how far does a smoke house have to be away from another building before it ''adjoins'' it?

If that fire was of incendiary origin (which I have never believed), whoever set it, did so with the intention that the occupants should be aroused by the burning smoke house and escape with their lives, at least; otherwise, he would have set the dwelling on fire in the first place. It would have been as easy to set the dwelling as it was to set the smoke house.

*Carl Fox,* assistant attorney-general, for appellee.

The eleventh assignment of error has reference to the testimony of the witness, Steve Zachary, that defendant

had confessed to him that he had burned the house. Counsel's point is that the necessary foundation was not laid; that is, it was not proven that the confession was free and voluntary. I think counsel is mistaken. Even if this point be well taken, which I do not concede (1 Wigmore on Evidence, § 860), the record shows that the defendant, with his brother, was sitting down eating a watermelon at West Columbia Junction when witness came by and asked defendant for a match. The witness was asked to detail the conversation and did detail the conversation. He was not asked either on direct or cross-examination whether or not there was any coercion or inducement to elicit the confession but his testimony purports to be all that occurred, and the implication is unavoidable from his testimony that there was no coercion or inducement or influence of any kind brought to bear upon the defendant.

SMITH, J., delivered the opinion of the court.

The burning of the house was abundantly proven; but the only evidence, other than the alleged confession of the accused, which tended to establish that the burning was caused by a criminal agency, was several slight circumstances, wholly insufficient for this purpose. *Bolden* v. *State,* 54 South. 241.          *Reversed and remanded.*

MAYES, C. J., dissents.