## ARCH BOLDEN *v.* STATE.

### [54 South. 241.]

1. CRIMINAL LAW. *Arson. Corpus delicti. . Evidence. Confession.*

   Proof of the burning of the house does not establish the *corpus delicti* in arson; there must in addition be proof of a criminal agency.

2. SAME.

   A *corpus delicti* cannot be established alone by the confession of the accused there must be corroborative proof.

APPEAL from circuit court of Itawamba county.
HON. JNO. H. MITCHELL, Judge.

Arch Bolden was convicted of arson and appeals. The facts are fully stated in.the opinion of the court.

*Clayton, Mitchell & Clayton,* for appellant.

The fourth assignment of error is as follows:   .

"The court erred in admitting the confession of defendant, testified to by the witness Bunk Ruff, because the *corpus delicti* had not previously been proven."

Let us first determine what constitutes the *corpus delicti* in a case of arson. This court has recently settled this matter.

"The *corpus delicti* in a case of arson consists not only in the proof of the burning of the house, or other things burnt, but of criminal agency in causing the burning." *Spears* v. *State,* 92 Miss. 619.

We feel sure that in the Spears case the circumstances proven, from which a criminal agency was deduced, are far stronger than in the case at bar.

The presumption of law is that the burning was accidental and the contrary must be established beyond all reasonable doubt. 3 Cyc. 1003.

The Spears case is reported in 16 L. R. A. (N. S.), p.

285, and in the note thereto will be found a full discussion of this question of the *corpus delicti* in arson cases. We refer to *State* v. *Pienick* (Wash.), 11 L. R. A. (N. S.) 987.

This case illustrates the true rule, which has always been recognized by this court, that the circumstances relied upon to show the criminal agency must be of such a character and so connected as to exclude every other reasonable hypothesis save that of defendant's guilt and we respectfully submit that this case falls far short of this.

*James. R. McDowell,* assistant attorney-general, for appellee.

Counsel insists that the *corpus delicti* had not been proved and that, therefore, the admission in evidence of the defendant's confession to Bunk Ruff was error.

Our court has held in the Spears decision, 92 Miss. 619, and this seems to follow the best authorities, that the *corpus delicti* in arson consists not only of the proof of burning, but of the existence of criminal agency, thus overruling *Sam's case,* 33rd Miss. Bearing this in mind, I refer your honors to the discussion of the subject under the heading "Corpus Delicti," in vol. e, Enc. of Evidence, pages 665 and 666, where the writer says that "it is now well established that the uncorroborated extrajudicial confessions of the defendant may be considered as evidence of the *corpus delicti* in connection with other facts and circumstances tending to show the defendant's guilty connection with the offense charged; and that the facts and circumstances ascertained by reason of such confessions are competent evidence of the *corpus delicti,* citing *Pitts* v. *State,* 43 Miss., 473; *Heard* v. *State,* 59 Miss. 545, and many other cases.

I quote from the Heard case as follows:

"Where there has been a confession by the accused, much slighter proof is required to establish the *corpus*

*delicti* than would be necessary where the state must make out the entire case unaided by a confession. Any corroborative proof in such a case will be held sufficient which satisfies the mind that it is a real and not an imaginary crime which the accused has confessed, and the fact that he was the guilty party may be found by the jury, on proof much slighter than that ordinarily essential."

In the same volume, under the head of "Confessions," the writer on page 357 says, in substance, that although there must be independent evidence to prove *corpus delicti*, still it need not be direct or positive, but may be proved by circumstances corroborating the confession; and the confession itself may be considered together with other evidence as establishing the fact that a crime was committed.

The editor's notes in the *Spears case,* 16 L. R. A. (N. S.) 285, are indeed very valuable, and I invite a careful reading of the same; a few of them will be cited by me.

On page 287, the case of *Carlton* v. *People* (Ill.), 41 Am. State Reports 346, is cited. There an animosity between the owner and the accused as shown as well as the fact that he frequently passed the building, and that tracks were found in the vicinity that corresponded to those made by the accused.

The same is true in the case of *State* v. *Millmeier* (Iowa), 72 N. W. 275.

In the case of *Winslow* v. *State,* 76 Ala. 42, the *corpus delicti* is established by proof of the building having been willfully burned and evidence tending to show that there was a track corresponding to defendant's and evidence that the fire began on the outside so that it seemed to be of incendiary origin, although there was evidence tending to show that it might have been accidental. That case is almost on all-fours with the one at bar.

In *People* v. *Jones,* 123 Cal. 65, 55 Pac. 698, the court held that it was not necessary to identify the defendant

as a perpetrator to establish the *corpus delicti,* and that it is not necessary that the evidence of the *corpus delicti* should itself connect the defendant with its perpetration in order to make it admissible. In that case, the confession was admitted on proof admittedly "weak and unsatisfactory," much weaker indeed than the proof in the case at bar.

In *Davis* v. *State,* 141 Ala. 62, 37 So. 676, the *corpus* *delicti* was established on proof that a mule had been hitched near the scene of the fire and that the mule's tracks corresponded with the tracks of the defendant's mule and, therefore, the confession was admissible.

SMITH, J., delivered the opinion of the court:

Appellant was convicted in the court below of the crime of arson, and sentenced to the penitentiary for the term of his natural life.

The burning of the house was abundantly proven. The only evidence introduced, other than the alleged confession of appellant, which tended to show that the burning was caused by a criminal agency, was that the burning occurred at night, that the fire originated on the outside of the house, and that shortly after the house had burned tracks which resembled those of appellant, who lived several miles from the scene, were discovered about seventy-five yards from the place where the building had stood. A criminal agency may be established by circumstances, but this evidence is wholly insufficient to do so. *Spears* v. *State,* 92 Miss. 613, 46 South. 166, 16 L. R. A. (N. S.) 285.

The *corpus delicti,* therefore, not having been proven by evidence other than the alleged confession of appellant, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*