190 So.2d 869 (1966)
Charlie MISTER
v.
STATE of Mississippi.
No. 44088.
Supreme Court of Mississippi.
October 10, 1966.
William Alexander Lomax, Grenada, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
Charlie Mister, appellant, was convicted in the Circuit Court of Grenada County of arson. The question is whether the evidence was sufficient to support the conviction.
Mister, a Negro, had lived on the farm of Berlon Worsham in the house which burned. In December 1965 Worsham refused to lend defendant some money. Also, he told defendant that for the next crop year he would have to charge him a rental of $20 per month. Mister then moved to another place. The house which later burned was a frame building of heart pine with a tin roof, and in Worsham's opinion, it would take three to four hours to be consumed by fire. He did not know when the fire started.
Shed Hill Robinson testified that on the night in question (in January 1966), he, Mister, and other friends went to a party in an adjoining county. They returned around 11:00 P.M. He and Mister were on their way home when they drove by the house which Mister formerly occupied. Defendant said that he ought to burn it, since he and Worsham had an argument when he was living there. Mister asked Robinson to stop the car, since he had to "step aside." This occurred near the driveway going to the house. Mister walked toward the place, about 100 yards away, and was gone two or three minutes. When he returned and they started to drive off, Robinson said he noticed "a little dim looking light when he got back to the car, and when we pulled off it looked like it was pretty big then * * * It looked like a fire light." Defendant did not have any kerosene or other combustibles, and the witness did not see him set any fire. He "just saw the light" as they were leaving. Robinson was arrested along with Mister on *870 a charge of arson, but after he told police officers "what happened," he was released.
An agent of the state fire marshal testified that he examined the burned remains. He thought that with the tin roof the house could burn for two or three hours or all day since the roof would hold the heat. At the close of this testimony the State rested.
Mister testified as follows: He denied any guilt. He said the house was 150-200 feet from the road. He denied that he and Robinson stopped near the place that night. He testified that John Lewis was in the car with them, but denied making any statement to Robinson that he ought to burn the house, and denied that he had had any trouble with Worsham. Willis said that he was in the car when they drove by the house going home, and that they did not stop. Three witnesses who lived in the vicinity stated that they saw the flames around 2:15-2:30 A.M. Another witness testified that a week before the trial Robinson told him that Mister did not burn the house. Defendant's wife, by whom he has ten children, said that several days before trial Robinson denied that her husband burned the house. On rebuttal, Robinson admitted he told these parties that Mister was not guilty, but said he did this because the fire marshal instructed him not to talk to anyone. The sheriff said the defendant told him that he and Robinson were alone when they drove by the place that night going home.
The State's case is based solely on the testimony of Robinson. He was not an accomplice, since he denied having anything to do with the burning. However, he was manifestly interested in absolving himself from guilt and putting the blame on defendant. For this reason the rule as to the uncorroborated testimony of an accomplice has some relevance. It was summarized in Cole v. State, 217 Miss. 779, 785, 65 So.2d 262, 264 (1953):
This Court has adopted a rule that a defendant can be convicted on the uncorroborated testimony of an accomplice, but it has carefully restricted the scope of that doctrine by holding that such uncorroborated testimony should be viewed with great caution and suspicion, and that it must be reasonable and not improbable or self-contradictory, or substantially impeached.
The corpus delicti in a case of arson consists (1) of the burning of the house or other property; and (2) of criminal agency in causing the fire. Spears v. State, 92 Miss. 613, 46 So. 166, 16 L.R.A.,N.S., 285 (1908). Here the evidence of the burning of the house is undisputed, although the time is in dispute. On the other hand, the evidence as to a criminal agency is rather slight. Evidence as to the existence of a criminal agency and the identity of the person, if any, who perpetrated it is overlapping. The State argues that Robinson's testimony warrants an inference that Mister set the house on fire; and that Worsham showed that the defendant had a motive.
On the other hand, Robinson admitted that Mister had no kerosene or other combustible with him. He was gone only two to three minutes, and it was about 100 yards to the house. Robinson did not see Mister set fire to the house and did not see what he did when he walked up the driveway.
A witness' measurements of time and distance cannot be more than estimates, and the jury may consider that fact. However, accepting Robinson's testimony as true, it is unreasonable that defendant could run 100 yards to the house, set it on fire without any combustibles in his possession, and return that distance to the car within two to three minutes. Further, Robinson admitted that he told at least two or three people that defendant did not set the house on fire. His explanation was that the fire marshal told him not to discuss the case, yet he admitted these contradictions of his testimony in chief. Also, evidence as to *871 the time of the fire preponderated in favor of a time several hours later than that indicated by Robinson.
In short, the State's case was based solely on the testimony of Robinson, who was not an accomplice but was in a related situation. His testimony contained material inconsistencies, was unreasonable in major respects, and, by his own admission, was impeached to some extent.
The State's case was sufficient to survive defendant's request for a peremptory instruction, but under all the circumstances, the verdict is against the great weight of the evidence. The motion for a new trial should have been sustained. Since the evidence of defendant's guilt is of such nature as to create a serious doubt in our minds, we think that another jury should be permitted to pass upon this question. Cole v. State, 217 Miss. 779, 65 So.2d 262 (1953); Dickerson v. State, 54 So.2d 925 (Miss. 1951); Jefferson v. State, 52 So.2d 925 (Miss. 1951); Conway v. State, 177 Miss. 461, 171 So. 16 (1936).
Lyle v. State, 193 Miss. 102, 8 So.2d 459 (1942), is an illustrative arson case on the sufficiency of evidence. The conviction in the trial court was based upon the uncorroborated testimony of an accomplice, and the Court held that where such testimony is improbable, unreasonable, and self-contradictory, it should not be upheld.
In Bolden v. State, 98 Miss. 723, 54 So. 241 (1910), a conviction of arson was reversed and remanded. Although there was an alleged confession, the only other evidence was that the fire occurred at night, originating outside of the house, and shortly after the house burned, tracks which resembled those of appellant, who lived nearby, were discovered seventy-five yards away. Cf. Williams v. State, 220 Miss. 800, 72 So.2d 147 (1954).
Reversed and remanded.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.