737 So.2d 424 (1999)
Jobi Deundra FORD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00444-COA.
Court of Appeals of Mississippi.
February 23, 1999.
Melvin C. Ellis III, Tupelo, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE THOMAS, P.J., LEE, AND SOUTHWICK, JJ.
LEE, J., for the Court:
¶ 1. Jobi Deunda Ford was convicted of burglary of an occupied dwelling and sentenced to serve a term of fifteen years, with five years suspended, in the custody of the Mississippi Department of Corrections. Ford had also been indicted for simple assault, but the jury returned a verdict of not guilty on this charge.
¶ 2. On appeal Ford argues that the evidence was not sufficient to prove him guilty of burglary of an occupied dwelling. We find that there is no merit to his *425 argument and affirm his conviction and sentence.

FACTS
¶ 3. Early on the morning of January 21, 1997, Shanta Lucas was asleep in her apartment when she was awakened by someone touching her foot. She jumped up out of the bed, turned around and the intruder turned on the light. Lucas recognized the man as Jobi Ford. Lucas began screaming, and Ford then ran out of the bedroom. Lucas locked the bedroom door and started to call the police. Ford then broke through the bedroom door and grabbed Lucas's purse which was hanging on the doorknob. Ford and Lucas struggled, and Ford picked her up by the neck and threw her against the window. Ford escaped out the front door with Lucas chasing him.
¶ 4. Officer Richard Prewitt testified that when he came to the apartment after the burglary that a white lawn chair was pushed up against the window outside the apartment, there was no screen and the window was open. Also, the front door was halfway open. Prewitt noticed that the lock on the bedroom door was broken. Officer Prewitt's testimony as to what Lucas told him less than an hour after the incident was consistent with her trial testimony. Officer Prewitt testified that a brown hat left by the intruder was found in the apartment and that he that he had seen Ford wearing a hat like that on several occasions.
¶ 5. Ford's testimony was that Lucas had invited him into the apartment and that they had consensual sexual intercourse. He claimed that she asked him for money and when he said he did not have any she got upset and he then left. He denied breaking into the apartment and taking her purse.
¶ 6. Lucas testified that the doors and windows were locked when she went to sleep. Lucas said that she and Ford had been in school together and that she had known him for about twelve years. She denied that they had ever had any relationship and that he had ever been invited to her apartment.

DISCUSSION
¶ 7. In reviewing the legal sufficiency of the evidence, our authority to disturb the jury's verdict is quite limited. Clayton v. State, 652 So.2d 720, 724 (Miss. 1995). We consider the evidence in the light most consistent with the verdict. Id. The prosecution must be given the benefit of "all favorable inferences that may reasonably be drawn from the evidence." Id. We may not reverse unless one or more of the elements of the offense charged is such that reasonable and fairminded jurors could only find the accused not guilty. McClain v. State, 625 So.2d 774, 778 (Miss. 1993).
¶ 8. The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed. McClain, 625 So.2d at 781. The jury has the duty to determine the impeachment value of inconsistencies or contradictions as well as testimonial defects of perception, memory, and sincerity. Noe v. State, 616 So.2d 298, 302 (Miss.1993) (citations omitted). "It is not for this Court to pass upon the credibility of witnesses and where evidence justifies the verdict it must be accepted as having been found worthy of belief." Williams v. State, 427 So.2d 100, 104 (Miss.1983). Further, in Doby v. State, 532 So.2d 584, 590 (Miss.1988), the court held that the testimony of a single witness is sufficient to support a conviction. As to matters upon which the evidence was in conflict, the court should assume that the jury resolved the conflict in a manner consistent with the verdict. Gossett v. State, 660 So.2d 1285, 1294 (Miss.1995). Here, the jury considered the conflicting evidence, believed the State's witnesses, and convicted Ford.
¶ 9. The testimony of Shanta Lucas was ample evidence to support the jury's finding *426 that Ford was guilty of burglary of an occupied dwelling. Lucas testified that the doors and windows were locked when she went to sleep. She identified Ford as the person who woke her, broke through the bedroom door, and took her purse. We are compelled to dismiss his assignment of error and affirm the judgment of the circuit court.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF CONVICTION OF BURGLARY OF AN OCCUPIED DWELLING AND LARCENY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED, FINE OF $500 AND RESTITUTION OF $60 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, IRVING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.