753 So.2d 489 (1999)
Tyderius FORD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00182-COA.
Court of Appeals of Mississippi.
November 16, 1999.
*490 Martin A. Kilpatrick, Greenville, Attorney for Appellant.
Office of the Attorney General by Pat S. Flynn, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., LEE, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL HISTORY
¶ 1. After an initial mistrial on this matter, Appellant Tyderius Ford was retried and convicted in the Washington County Circuit Court on a three-count indictment on charges including Count I, conspiracy to commit robbery; Count II, armed robbery; and Count III, possession of a weapon by a convicted felon.
¶ 2. Ford was sentenced to five years in prison on Count I of conspiracy to commit robbery, forty years in prison on Count II for armed robbery, and three years in prison on Count III of possession of a firearm by a convicted felon. The sentences were to run consecutively with time Ford was already serving on a suspended sentence for the September 14, 1993, felony of burglary of a dwelling house. Feeling aggrieved, Ford filed this appeal.

FACTS
¶ 3. On February 3, 1996, Tyderius Ford and Robert McCollough were arrested in connection with an armed robbery at Hollandale Liquor Store in Hollandale, Mississippi. On February 16, 1996, Ford escaped from the Hollandale jail and fled to Illinois where he remained for approximately one year before returning to Mississippi to turn himself in to the authorities.
¶ 4. Due in great part to the testimony of co-defendant McCollough, Ford was subsequently charged and convicted on a three-count indictment alleging armed robbery, conspiracy to commit robbery and possession of a weapon by a convicted felon.
¶ 5. Also relevant to this case with regard to sentencing is the fact that in 1993, Ford pleaded guilty to burglary of a dwelling house in Sharkey County, Mississippi, and was sentenced to seven years in jail, that sentence being suspended.

ARGUMENT AND DISCUSSION OF THE LAW

STANDARD OF REVIEW
¶ 6. Ford raises one issue in this appeal: whether Ford is entitled to a new trial because the verdict was against the weight of the evidence.
¶ 7. Our standard of reviewing issues concerning weight of the evidence is described in Lee v. State, 733 So.2d 336 (Miss.Ct.App.1999). "The decision of whether or not to grant a motion for a new trial rests in the sound discretion of the trial judge and should only be granted when the judge is certain that the verdict is so contrary to the overwhelming weight of the evidence that failure to grant the motion would result in an unconscionable injustice." Id. at 342.
¶ 8. "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice." *491 Danner v. State, 748 So.2d 844 (¶ 7) (Miss.Ct.App. 1999).
¶ 9. In the present case, it does not appear the evidence was such that allowing a conviction to stand on this evidence would result in an unconscionable injustice. Thus, we find no error and uphold the trial court's decision not to grant a new trial.

ANALYSIS OF THE ISSUE PRESENTED

I. WHETHER OR NOT THE VERDICT WAS AGAINST THE OVER-WHELMING WEIGHT OF THE EVIDENCE.
¶ 10. In support of his allegation that the verdict was against the overwhelming weight of the evidence, Ford argues he is entitled to a new trial because (a) Robert McCollough, the co-defendant, accepted a plea bargain in exchange for his testimony against Ford; (b) the State relied on "shoddy police work and vague circumstantial evidence"; and (c) the verdict is against the great weight of the evidence as to warrant another jury trial. We will address each of these factors with regard to applicable law.
¶ 11. First, Ford argues the State's case was based primarily on the testimony of Robert McCollough, who testified pursuant to a plea bargain agreement. Further, Ford argues McCollough's testimony is uncorroborated and McCollough had motives to implicate Ford.
¶ 12. In support, Ford argues the case of Mister v. State, 190 So.2d 869 (Miss.1966) is controlling in this situation. In Mister, the facts are somewhat similar to the present case; however, there exists one major difference. In Mister, the case was based solely on the testimony of an accomplice, and in the present case, contrary to Ford's contentions, such is not the case. McCollough's testimony is not the sole convicting issue; police evidence and testimony from other persons is also convincing as to Ford's guilt.
¶ 13. Ford also cites to Cole v. State, 217 Miss. 779, 785, 65 So.2d 262, 264 (1953), which says, "This Court has adopted a rule that a defendant can be convicted on the uncorroborated testimony of an accomplice, but it has carefully restricted the scope of that doctrine by holding that such uncorroborated testimony should be viewed with great caution and suspicion, and that it must be reasonable and not improbable or self-contradictory, or substantially impeached."
¶ 14. According to Cole, had this conviction been procured by only the uncorroborated testimony of one witness, it is acceptable so long as the jurors view the testimony with suspicion and caution and as the rest of the Cole quote above warns. Absent Ford's presentation of evidence to the contrary, we presume the jury did approach this testimony cautiously and, even then, reached the same conclusion. The issue of Robert McCollough's testimony does not support Ford's argument that the evidence did not support a guilty verdict.
¶ 15. Second, Ford claims there exists no scientific analysis linking Ford to the crime, and there was a total failure to preserve a key piece of evidence, the black Nike sweatshirt Ford was identified as wearing. Ford repeatedly stated in his briefs the police work was poor and shoddy, but he failed to specify any details of such. Absent such evidence we have no choice but to set this issue aside as not supportive of Ford's contention that the evidence did not support the guilty verdict.
¶ 16. In sum, Ford states in his briefs on this matter that since the State's conviction rested primarily on a plea-bargaining co-defendant's testimony and police work that fell far short of reaching a credible standard, the verdicts of guilty were against the great weight of the evidence and, as such, he is entitled to a new trial. We do not reach this conclusion. Accordingly, we now affirm the trial court's overruling of Ford's motion for new trial based on weight of the evidence.

*492 CONCLUSION
¶ 17. The law does not support Ford's contentions that the verdict was against the overwhelming weight of evidence. Therefore, the finding of the lower court on this issue is affirmed.
¶ 18. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF THE CONVICTION OF COUNT I OF CONSPIRACY AND SENTENCE OF FIVE YEARS; COUNT II OF ARMED ROBBERY AND SENTENCE OF FORTY YEARS; AND COUNT III OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTION IS AFFIRMED. SENTENCES IMPOSED SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.