# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 2001-KA-00726-COA

**JESSIE CLIFTON SMITH A/K/A JESSE SMITH**                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                    **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 04/12/2001 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GUS GRABLE SERMOS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY: | RONNIE LEE HARPER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | BURGLARY OF A CHURCH: SENTENCED TO SERVE A TERM OF 14 YEARS PLUS ORDERED TO PAY ALL COURT COSTS. |
| DISPOSITION: | AFFIRMED - 07/16/2002 |
| MOTION FOR REHEARING FILED: | |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | 8/6/2002 |

BEFORE KING, P.J., LEE, AND IRVING, JJ.

LEE, J., FOR THE COURT:

## PROCEDURAL HISTORY

¶1. In April 2001, an Amite County jury convicted Jessie Clifton Smith of burglary of a church. He was sentenced to serve fourteen years in the custody of the Mississippi Department of Corrections plus ordered to pay costs. He subsequently filed a motion for judgment notwithstanding the verdict, but the motion was denied. He now appeals that denial to this Court, arguing that the verdict was against the overwhelming weight of the evidence. We find no error and affirm.

# FACTS

¶2. The evening of December 12, 2000, James Wilson, a parishioner of the Smithdale Church of God in Christ in Amite County, arrived at the church to find it had been burglarized. Deputy Jerry Bates from the sheriff's department investigated the crime scene and talked to church members. Together, they determined that missing items included a drum set, amplifier, and speakers. Outside the church the officer noted that a side door had been pried open, and tire tracks indicated that a vehicle had gotten stuck in the mud. The Amite County officers expanded their investigation to surrounding counties, looking into similar burglaries in neighboring areas and talking with officers in other counties. From the evidence and information they collected, they determined that Jessie Smith and his brother, David, were possible suspects. When the missing equipment was located in a pawn shop in Hammond, Louisiana, Jessie and David Smith were arrested and questioned. David Smith told the officers of his and his brother's plans to rob the church, and he explained in detail the way they broke into the church, took the sound equipment and later pawned it. Jessie testified that he had never seen the equipment before, and he denied having broken into the church as his brother claimed.

# DISCUSSION OF THE ISSUE

## I. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?

¶3. Jessie Smith raises a single issue on appeal: that the verdict was against the overwhelming weight of the evidence. In his motion for judgment notwithstanding the verdict or, in the alternative, a new trial, Jessie argued that the court improperly denied his motions for directed verdict, that the verdict was against the overwhelming weight of the evidence, and that the evidence was insufficient to support the verdict. On appeal, he only lists the "weight" issue; thus, we review this issue alone.

> The standard for reviewing denial of a new trial goes to the weight of the evidence . . . . Furthermore, [t]o discern that the jury verdict is against the weight of the evidence, we must "accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." In order to mandate a new trial, the verdict must be "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction 'unconscionable injustice[.]'"

*Smith v. State*, 800 So. 2d 535 (¶4) (Miss. Ct. App. 2001) (citations omitted). In efforts to show the trial court erred in denying his motion for new trial, Jessie refers to various testimony at his trial and notes the following: James Wilson, a church member who first discovered the burglary, never saw Jessie at the church; Amite County Deputy Jerry Bates found no fingerprints at the scene; Deputy Barney Smith testified he was not present at the break-in and that Jessie denied involvement to him; David Smith described Jessie's involvement as his partner in the crime, but Jessie claims David's testimony is unreliable; Eric Myers, who owned the pawn shop where the stolen property was found, testified that David Smith conducted the transaction; and Marie Smith, a church member, testified that she did not know when the church was burglarized, nor could she identify the burglar. The defense's only witness was Jessie Smith. Jessie testified that he saw his brother at his house the afternoon after the burglary, and his brother asked him to go to Hammond, Louisiana, with him to pawn some musical equipment that David owned. Jessie testified he had never seen the equipment before, that David used his own identification to effect the transaction and that David kept all of the money from the transaction.

¶4. The case was essentially Jessie's word against that of all the other witnesses, and we look to our role in reviewing such a situation.

> The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed. The jury has the duty to determine the impeachment value of inconsistencies or contradictions as well as testimonial defects of perception, memory, and sincerity. "It is not for this Court to pass upon the credibility of witnesses and where evidence justifies the verdict it must be accepted as having been found worthy of belief."

*Ford v. State*, 737 So. 2d 424 (¶8) (Miss. Ct. App. 1999) (citations omitted). Jessie claims that the only witness to place him at the scene of the burglary was David, but David's testimony was not sufficient to support the conviction based on the case of *Mister v. State*, 190 So. 2d 869 (Miss. 1966). In *Mister*, the defendant was convicted of arson based on the testimony of one witness. *Mister*, 190 So. 2d at 871. The supreme court determined that the witness' testimony was inconsistent with what he had told other people and was unreasonable in other respects, making it insufficient to support a verdict of guilty. *Id.* The present case is distinguishable from *Mister* in that David Smith's testimony is not improbable or self-contradictory or substantially impeached. Additionally, "[w]e have repeatedly recognized that a defendant may be lawfully convicted on the uncorroborated testimony of an accomplice . . . although we frequently caution that such testimony should be viewed with suspicion and must be reasonable and not improbable, self-contradictory or substantially impeached." *Fairchild v. State*, 459 So. 2d 793, 798 (Miss. 1984) (citations omitted). Jessie points out that the testimony of Eric Myers, the pawn shop owner, contradicts David's testimony concerning who actually participated in the transaction with Myers. However, even viewing David's testimony cautiously, we do not find this discrepancy to rise to the level of "substantial impeachment." Thus, we find *Mister* distinguishable.

¶5. The jury has the sole prerogative to weigh the credibility of each witness and to determine truthfulness. Here, we presume they did so in arriving at their verdict. Accepting as true the evidence which supports the verdict, we cannot find that an unconscionable injustice has resulted, nor has the judge abused his discretion in denying Jessie's motion for new trial. Accordingly, we affirm.

¶6. **THE JUDGMENT OF THE AMITE COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A CHURCH AND SENTENCE OF FOURTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO AMITE COUNTY.**

> **McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.**