MYERS, J., for the court.
¶ 1. Teresa Collins was convicted of the offense of the unlawful sale of cocaine in the Walthall County Circuit Court, Honorable Keith Stairett presiding. From the denial of Collins’s “Motion for Judgment Notwithstanding the Verdict, or in the Alternative, for a New Trial,” Collins appeals asserting the following issue:
1. WHETHER THE TRIAL COURT ERRED IN DENYING THE DEFENDANT’S MOTION FOR A NEW TRIAL IN THAT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
STATEMENT OF THE FACTS

Presented, by the Prosecution

¶ 2. On January 25, 2001, Narcotics Agents Brandon Bright, Chad McElveen, and Arzetto Mark assigned a confidential informant, Louis Pearley, to attempt to purchase cocaine from Collins at her residence. Pearley did not know what he would be doing prior to the assignment. The agents searched Pearley to determine whether Pearley may have had any item that would taint the drug bust, such as money or drugs. For similar reasons, the agents also searched a government owned truck that was to be used by Pearley. Pearley had no money or drugs on his person nor was there money or drugs in the truck when the operation began. A video camera and audio recorder were installed in the truck. The agents gave Pearley five $20 bills to use in making the drug purchase.
¶ 3. The agents followed Pearley to a location near Collins’s residence. The agents stopped and allowed the informant to proceed on his own. The agents were unable to see Pearley because of the distance required to maintain the secretive nature of the transaction. However, the agents did not suffer complete sensory deprivation. The agents were able to hear the entire proceeding through a hidden microphone and later view the transaction on the videotape.
¶ 4. When Pearley pulled up to Collins’s residence, Collins approached the vehicle. Pearley exchanged three twenty dollar bills for several pieces of cocaine plus nine *1266 dollars in change. Collins had to go into the house to obtain the cocaine and change for Pearley.
¶ 5. Pearley met the agents at a designated post-buy location. The remaining money and the substance purchased by Pearley were taken by the agents. Pear-ley and the truck were searched again. The substance was examined by the crime lab and determined to be made of cocaine. The agents arrested Collins at a later date to avoid revealing Pearley’s role as an informant.

Presented by the Defendant

¶ 6. Collins claimed that Pearley, a person unknown to Collins, only asked for change for a $100 bill when he arrived at Collins’s residence. Collins had to go inside her residence to make change for Pearley. Collins had two witnesses, who were inside the house, testify that Collins was trying to make change for Pearley and that Collins returned with a $100 bill. The witnesses did not observe the transaction. Collins claimed that although she was the person on the videotape, she was handing Pearley change instead of cocaine. Collins also claimed that Pearley was not searched thoroughly enough, thus Pearly had the opportunity to hide drugs to be used as evidence of a drug deal.
LEGAL ANALYSIS
1. WHETHER THE TRIAL COURT ERRED IN DENYING THE DEFENDANT’S MOTION FOR A NEW TRIAL IN THAT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 7. Our standard for reviewing challenges to convictions based on whether the verdict is contrary to the evidence is well established. The challenges are based on whether there was sufficient evidence for a jury to return a verdict of guilty or whether the guilty verdict is not supported by the weight of the evidence or both.
¶ 8. As to sufficiency of the evidence, the appellate court considers all of the evidence in the light most favorable to the verdict. Jones v. State, 635 So.2d 884, 887 (Miss.1994). A reversal is made when the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The Mississippi Supreme Court stated in McClain, the familiar standard of review for reviewing a sufficiency of the evidence question:
The credible evidence consistent with [the defendant’s] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Id. at 778 (citations omitted).
¶ 9. As to the weight of the evidence, the trial judge is given wide discretion to order a new trial in the face of overwhelming evidence contrary to the jury’s verdict in order to prevent an unconscionable injustice. Braxton v. State, 797 So.2d 826, 828(¶6) (Miss.2000); McClain, 625 So.2d. at 781; Ford v. State, 753 So.2d 489, 490(¶ 7) (Miss.Ct.App.1999).
¶ 10. A motion for a new trial simply challenges the weight of the evidence. Sheffield v. State, 749 So.2d 123, 127(¶ 16) (Miss.1999). This is the issue that Collins raises on appeal. The jury was able to hear testimony from both sides recounting the facts stated earlier. The *1267 jury was also allowed to view the videotape. The jury chose to believe the evidence presented by the prosecution. This Court can not say that the verdict was against the overwhelming weight of the evidence nor was the evidence insufficient to allow a verdict of guilty. A reasonable and fair minded jury was presented enough evidence to reach a guilty verdict. This Court affirms the conviction.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY OF CONVICTION OF UNLAWFUL SALE OF COCAINE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE LAST SEVEN YEARS TO BE SERVED ON POST RELEASE SUPERVISION AND PAY $5,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WALT-HALL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.