GRIFFIS, J.,
for the Court.
¶ 1. Zenkendrick Johnson was convicted in the Circuit Court of Sunflower County, Mississippi on a charge of possession of a controlled substance on state penitentiary grounds. He was sentenced to seven years in the custody of the Mississippi Department of Corrections. On appeal, Johnson asserts that the verdict was against the overwhelming weight of the evidence. We affirm.
FACTS
¶ 2. On January 30, 2001, Jimmy Hunt, a K-9 officer, and his trained drug detection dog conducted a routine search at building unit 29-1 on the grounds of the Mississippi Department of Corrections, at Parchman, Mississippi. While searching cell No. 22, occupied by Zenkendrick Johnson and Ce- *691 drie Davis, the dog alerted Officer Hunt to a locker box under the bunk beds. Officer Hunt testified that he asked to whom the locker belonged to, and Johnson replied that it was his. The officer searched both Johnson’s and Davis’s lockers, but no drugs were found in either locker. However, Officer Hunt did find a piece of tape underneath Johnson’s locker and found a small plastic bag floating in the toilet. The substance in the bag appeared to be marijuana. Officer Hunt testified that Johnson admitted that the substance was his. Officer Hunt identified Johnson in the courtroom as the man who made the admission and confirmed that he could distinguish between Johnson and Davis.
¶ 3. A field test conducted by Investigator Ronnie Collins revealed that -the substance found was marijuana. Teresa Hickman, a forensic scientist with the Mississippi Crime Lab, also testified that further analysis of the substance found it to be marijuana.
¶ 4. Johnson testified that the dog alerted Officer Hunt to Davis’s locker box and that Davis attempted to flush the substance down the toilet. He also testified that the drugs belonged to Davis, and that Davis had admitted ownership of the substance to the officers.
¶ 5. In rebuttal, the State called Davis to testify. Davis denied depositing the marijuana in the toilet and denied confessing to Officer Hunt that the marijuana was his. He further denied that the marijuana belonged to him. On cross-examination, Davis testified that the dog did not alert Hunt to any particular locker and that Johnson never admitted that the drugs were Johnson’s.
¶ 6. After the defense rested and instructions were given, the jury found Johnson guilty. Johnson’s post-trial motions were denied.
ANALYSIS

1. WHETHER THE VERDICT WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.

¶ 7. Johnson contends that the evidence weighs heavily in his favor and against the jury’s verdict. This issue was recently addressed in Ford v. State, 753 So.2d 489, 490(¶ 8) (Miss.Ct.App.1999), where this Court held that:
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence presented as supportive of the verdict, and we will disturb a jury verdict only when convinced that the circuit court has abused its discretion in failing to grant a new trial or if the final result will result in an unconscionable injustice.
(citing Danner v. State, 748 So.2d 844 (Miss.Ct.App.1999)). The Mississippi Supreme Court has held that “the jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, 991 (Miss.1987).
¶ 8. Officer Hunt testified that Johnson admitted that the substance was his. Officer Hunt identified Johnson as the man who made that admission. As a result of the admission, Johnson was issued a rules violation report. Hunt further testified that he could distinguish between Johnson and Davis and confirmed that Johnson admitted to owning the drugs.
¶ 9. The jury resolved the question of conflicting testimony against Johnson. “[Tjhe jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Id.
*692 ¶ 10. Accepting as true all evidence favorable to the State, this Court is compelled to conclude that the evidence was of such weight to support the jury’s findings. The weight of the evidence is clearly not overwhelmingly contrary to the jury’s verdict. The jury’s verdict does not rise to the level that would constitute an unconscionable injustice. We find this assignment of error to be without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE ON MISSISSIPPI STATE PENITENTIARY GROUNDS AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $10,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ„ CONCUR.