906 So.2d 23 (2004)
Grover C. HODGES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01577-COA.
Court of Appeals of Mississippi.
November 2, 2004.
Certiorari Dismissed June 9, 2005.
*24 John Edward Jackson, attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before LEE, P.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Grover Hodges was convicted of possession of marijuana, with the intent to distribute the same within 1,500 feet of a school. He was sentenced to serve a term of forty years, with twenty years suspended, and ordered to pay a fine of $25,000. On appeal, Hodges asserts that the trial court erred in sentencing him to forty years and in denying his post-trial motions. We affirm.

FACTS
¶ 2. The charges against Grover Hodges stem from an undercover operation in Pike County, Mississippi. A confidential informant, Glen Pace, was used in the operation. In February 2002, Pace, wearing a wire, met with Robert Dillion and inquired about purchasing marijuana. After informing Pace where the drugs could be obtained, the two proceeded to the specified location while being followed by narcotics agents.
¶ 3. Pace and Dillion finally stopped at Little Miracles Day Care and Preschool. Pace then told Dillion that he would like to secure a quarter of a pound of marijuana, and Dillion responded that he would go to "Grover's" house to get the dope. Dillion left the school and parked his car in the driveway of a house located in the rear of the day care. This house belonged to Grover Hodges. Upon his return, Dillion informed Pace that "Grover" did not have the amount of drugs requested by Pace, but did have a couple of ounces. Pace then informed Dillion that he wanted to purchase two ounces and gave him $200 as payment. When Dillion returned from the house, he gave Pace the marijuana. After securing these two ounces, Pace asked whether he could purchase more marijuana; *25 Dillion told Pace that Hodges would have more marijuana the next day, and he could acquire more at that time.
¶ 4. Upon observation of these events, narcotics officers obtained and executed a search warrant on the home of Grover Hodges, where they discovered large amounts of marijuana and drug paraphernalia. The marijuana, taken from three separate locations within the residence, was later tested and determined to amount to approximately 370 grams.
¶ 5. The jury found Hodges guilty of the crime of possession of marijuana with the intent to distribute the same while within 1,500 feet of a school. Hodges' motions for a directed verdict or in the alternative a new trial were denied. Hodges appeals his conviction and sentence.

ANALYSIS

I. Sufficiency of Evidence
¶ 6. In his brief, Hodges vaguely suggests that his conviction is not supported by the overwhelming weight of the evidence. The central argument asserted by Hodges is that the informant, who provided information establishing probable cause for the search warrant, was not reliable. Therefore, he argued that any and all evidence obtained from his participation should have been suppressed.
¶ 7. At the outset, we notice an error by Hodges where he relies on the premise that Dillion was the informant during this transaction; in fact, the informant relied on to secure the search warrant was actually Pace. From the beginning, given the mistake by Hodges as to the identity of the informant, his assertion is flawed.
¶ 8. First, we recognize that Hodges did not raise this issue at trial. Neither at trial nor in his motion for a new trial did Hodges raise an objection to the testimony of Pace. Failure to raise an issue at trial results in a procedural bar on appeal as the trial court will not be held in error on an issue not placed before it. Scott v. State, 878 So.2d 933, 963(¶ 81)(Miss.2004); citing Williams v. State, 684 So.2d 1179, 1203 (Miss.1996).
¶ 9. Notwithstanding the procedural bar, this issue is without merit. Testimony established that Pace was searched before the initial buy and subsequent attempted buy. The transactions were recorded. Pace had previously worked as a confidential informant prior to this transaction. There was never an issue presented as to question the veracity of Pace's statements or information acquired from his participation. Pace's testimony was properly admitted by the trial court.
¶ 10. Hodges makes a general assertion that the weight of the evidence did not support the verdict rendered by the jury. In his brief, Hodges makes only one specific allegation supporting his contention; he states that Dillion was not a reliable witness given his admission that he was himself under the influence of drugs at the time of the transaction. Hodges continues with his contention on the premise that it was the information and testimony from Dillion which the narcotics agents used to procure the search warrant. Again, Hodges is mistaken; Dillion was merely a witness for the State and any conclusion as to his credibility rested with the jury. "The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed." Smith v. State, 821 So.2d 908(¶ 4) (Miss.Ct.App. 2002). "The jury has the duty to determine the impeachment value of inconsistencies or contradictions as well as testimonial defects of perception, memory, and sincerity." Id. "It is not for this Court to *26 pass upon the credibility of witnesses and where evidence justifies the verdict it must be accepted as having been found worthy of belief." Id.
¶ 11. The standard of review for determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. The appellate court must accept as true all evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Swann v. State, 806 So.2d 1111, 1117 (¶ 25) (Miss.2002). The State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). The appellate court should not reverse a guilty verdict unless failure to do so would sanction an unconscionable injustice. Hilliard v. State, 749 So.2d 1015, 1016-17 (¶ 10) (Miss.1999). "This Court does not have the task of re-weighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible." Langston v. State, 791 So.2d 273, 280 (¶ 14) (Miss.Ct.App.2001).
¶ 12. Reviewing the facts in a light most favorable to the State, we find that a reasonable juror could infer that Hodges was guilty of the crime charged beyond a reasonable doubt. The weight of the evidence against Hodges demonstrates that sufficient proof was offered for the jury to find Hodges guilty. Accordingly, this argument is without merit.

II. Excessive Sentence
¶ 13. The second assertion of error that Hodges makes is that his sentence of forty years is excessive and constitutes cruel and unusual punishment. Hodges further contends that the sentence is disproportionate to the crime committed.
¶ 14. At the outset, we note the severity of Hodges' actions given that he was selling drugs out of a day care center. The Mississippi Legislature, within the statute Hodges was convicted under, indicated its intent to inflict a harsher sentence on those selling drugs to or around children, when it enacted the following statute:
Except as provided in subsection (f) of Section 41-29-139 or in subsection (2) of this section, any person who violates or conspires to violate Section 41-29-139(a)(1), Mississippi Code of 1972, by selling, bartering, transferring, manufacturing, distributing, dispensing or possessing with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance, in or on, or within one thousand five hundred (1,500) feet of, a building or outbuilding which is all or part of a public or private elementary, vocational or secondary school, or any church, public park, ballpark, public gymnasium, youth center or movie theater or within one thousand (1,000) feet of, the real property comprising such public or private elementary, vocational or secondary school, or any church, public park, ballpark, public gymnasium, youth center or movie theater shall, upon conviction thereof, be punished by the term of imprisonment or a fine, or both, of that authorized by Section 41-29-139(b) and, in the discretion of the court, may be punished by a term of imprisonment or a fine, or both, of up to twice that authorized by Section 41-29-139(b).

Mississippi Code Annotated § 41-29-142(1) (Rev.2001)(emphasis added).
¶ 15. Hodges' sentence was neither excessive nor did it exceed the bounds of the penalty allowed under the statute. Furthermore, Hodges did not assert this proposition to the trial court. Since he did not contend that the sentence was unconstitutional *27 and allow the trial judge an opportunity to consider this issue, he may not assert this allegation on appeal. Thus, this issue is procedurally barred. Reed v. State, 536 So.2d 1336, 1339 (Miss.1988).
¶ 16. The imposition of a sentence is within the discretion of the trial court; this Court will not review the sentence if it is within the limits prescribed by statute. Ainsworth v. State, 304 So.2d 656, 658 (Miss.1974). Hodges was sentenced according to Mississippi Code Annotated sections 41-29-139(b)(1), and 41-29-142 (Rev.2001). Based on these statutes, Hodges was subjected to imprisonment for a maximum of sixty years and a fine of up to $2,000,000. The trial court sentenced Hodges to forty years with the last twenty years suspended and assessed a fine of $25,000. Because the sentence was within the guidelines of the statute, it is not disproportionate to the crime charged. Rogers v. State, 599 So.2d 930, 936 (Miss.1992). Therefore, we will not disturb the sentence. We find this argument to lack merit.

III. Weight of Evidence
¶ 17. In his final argument, Hodges asserts that the trial court erred in overruling his motion for a new trial. He argues that the verdict was contrary to the law and against the overwhelming weight of the evidence.
¶ 18. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse the trial court only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998). For this Court to disturb the verdict on appeal, it must be so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Id.
¶ 19. Hodges again raises the credibility of Dillion. He argues that Dillion's lack of credibility, alone, is sufficient to establish that the jury's verdict was against the weight of the evidence. There was conflicting testimony as to the justification for the large amount of marijuana in the possession of Hodges. Hodges argued that some of the marijuana was for his personal use and the remainder was placed there by a second party. However, Hodges was unable to articulate the exact amount of marijuana that was for his personal use. There was additional testimony that provided direct evidence of the fact that Hodges had indeed sold marijuana in the past. The testimony indicated that Pace, the criminal informant, went to the home of Grover Hodges with Dillion. Hodges knew Dillion from past transactions involving their dealing of drugs. The evidence established that Dillion took money from Pace and took it inside the home of Grover Hodges in exchange for drugs. Dillion then handed the drugs to Pace.
¶ 20. The jury had sufficient evidence to assess the credibility of Dillion. In this case, the jury chose to believe the State's witnesses which emphasizes that the testimonial evidence placed before the jury by the State was more credible than Hodges' testimony. The facts relied upon by Hodges do not support a finding that the verdict was against the overwhelming weight of the evidence. We find this issue to be without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF THE UNLAWFUL POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE WITHIN 1,500 FEET OF A SCHOOL AND SENTENCE OF FORTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF *28 CORRECTIONS WITH THE FIRST TWENTY YEARS TO SERVE AND THE REMAINING TWENTY YEARS ON POST-RELEASE SUPERVISION, WITH THE FIRST FIVE YEARS OF THE POST-RELEASE SUPERVISION ON A REPORTING BASIS AND THE REMAINING FIFTEEN YEARS ON A NON-REPORTING BASIS, PAY FINE OF $25,000 AND $10,000 IN RESTITUTION TO THE CRIME VICTIMS COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.