CHANDLER, J.,
for the Court:
¶ 1. Appellant George Gilmore was indicted by an Amite County grand jury for possession of a weapon by a convicted felon and drive-by shooting. Following a trial, a jury found Gilmore guilty of the crimes charged. The trial court then proceeded with a hearing on Gilmore’s habitual offender status pursuant to Miss. Code Ann. § 99-19-81 (Rev.2000). The court determined that Gilmore was an habitual offender and sentenced him to three years in the custody of the Mississippi Department of Corrections for possessing a weapon as a felon and thirty years for the drive-by shooting, said sentences to run concurrently and not subject to reduction, *1038 suspension, parole, or probation. Aggrieved, Gilmore appeals, arguing that the trial court erred in denying his posttrial motion for a judgment notwithstanding the verdict (JNOV).
STATEMENT OF THE FACTS
¶ 2. On September 20, 1999, Montra Banks, Shanrika Robinson, and their four year old son were driving from Centreville to Gloster, Mississippi. Banks drove the car while Robinson, Banks’s fíancé, and their son rode in the front passenger seat. Banks pulled up to a stop sign, stopped for about five seconds, and then proceeded toward Gloster. Robinson noticed a car approaching from behind; it was a red Beretta.
¶ 3. Banks testified that after the stop sign he drove over a hill and noticed the Beretta pull up to the side of his vehicle. Banks stated that he observed George Gilmore, a longtime acquaintance, coming out from the Beretta’s front passenger side window. Banks asserted that Gilmore had a gun in his hand, although he could not identify the exact type of gun. Banks testified that he immediately stomped his brakes and leaned back in his seat, narrowly missing the gunfire coming from the gun held by Gilmore. None of the passengers in the car were injured by the gunfire. Furthermore, the car showed no physical signs of being struck by a bullet.
¶4. Robinson testified that she, like Banks, looked over and observed a person coming out of the window of the Beretta. According to Robinson, she then grabbed her child and ducked to the floor, noting that she feared her baby would get hit by a bullet. However, unlike Banks, she did not actually see the gun; she only heard the sound of gunfire.
¶ 5. Initially Robinson could not identify the person leaning out of the window. However, she testified that she recognized the red Beretta, remarking that it was “the only red Beretta in Centreville.” The Beretta belonged to Gilmore’s sister. Robinson later identified Gilmore as the person who had fired the gunshot.
¶ 6. After the shooting, Banks drove to the police station. He and Robinson spoke with Officer Bubba Lee of the Centreville Police Department. Banks then disappeared and Robinson had ,to call Banks’s mother to come to the police station and drive her while she searched for Banks. Rather than locating Banks, they found George Gilmore. Robinson testified that Gilmore apologized and admitted being the one in the window of the Beretta and firing the gun. She stated that “[Gilmore] said he was just playing. He said it was him and he was just playing.”
¶ 7. Officer Lee testified that he located Gilmore at Gilmore’s grandmother’s house approximately forty minutes after the initial report. He noted that Gilmore and several of his friends were standing outside of the house next to a red Beretta. However, Officer Lee, lacking a warrant, neither arrested nor searched Gilmore at that time.
LAW AND ANALYSIS
¶ 8. Gilmore asserts that the trial court erred in denying his motion JNOV. It is well established that a motion for a JNOV challenges the legal sufficiency of evidence supporting a guilty verdict. May v. State, 460 So.2d 778, 780 (Miss.1984). When testing the legal sufficiency of evidence, this Court must accept all credible evidence that supports the guilty verdict as true and afford the State “the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Wetz v. State, 503 So.2d 803, 808 (Miss.1987). This Court will not reverse unless it is clear from the evidence that “no reason *1039 able, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty.” Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983).
¶ 9. In the case at hand, Gilmore argues that the prosecution failed to present any physical evidence linking him with the use or possession of a firearm. Furthermore, Gilmore argues that the prosecution failed to prove that he intended to cause serious bodily injury to another person as required under Miss.Code Ann. § 97-3-109 (Rev.2000). Gilmore’s allegations are without merit as they fail to recognize the importance of purely testimonial evidence.
¶ 10. The Mississippi Supreme Court has made it clear that where the defendant presents no evidence, the jury is entitled “to give full effect to the testimony of the State’s witnesses.” Grant v. State, 762 So.2d 800, 804 (¶ 9) (Miss.Ct.App.2000); Benson v. State, 551 So.2d 188, 193 (Miss.1989). Likewise, this Court has recently held that eyewitness testimony, even in the absence of physical evidence, is legally sufficient to create a jury question. Grant, 762 So.2d at 804 (¶ 9). Moreover, this Court has announced that the failure of the prosecution to produce a gun or shell casing does not undermine the legal sufficiency of eyewitness testimony in cases involving possession of a firearm by a convicted felon. Fort v. State, 752 So.2d 458, 463 (¶ 21) (Miss.Ct.App.1999).
¶ 11. Banks and Robinson testified that they observed Gilmore coming out of the window of the red Beretta. Banks witnessed Gilmore point and fire a gun. Banks stated that the gunfire came out straight at his car but missed after he hit the brakes and came to an abrupt stop. Likewise, Robinson stated that she heard the gun go off, even though she admitted never actually seeing the gun. Robinson also testified that Gilmore admitted being the one in the window of the red Beretta. Finally, Officer Lee testified that he found Gilmore standing next to a red Beretta later that evening. Taking this evidence in the light most favorable to the State, the jury could have found Gilmore guilty of possession of a firearm by a convicted felon. Likewise, .evidence that Gilmore fired a loaded weapon in the direction of another vehicle is enough evidence to permit a jury to conclude that Gilmore intended to inflict serious bodily injury. As such, the trial judge did not err in denying his motion for a JNOV.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF AMITE COUNTY OF CONVICTION OF COUNT I POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF THREE YEARS AS AN HABITUAL OFFENDER AND COUNT II DRIVE BY SHOOTING AND SENTENCE OF THIRTY YEARS AS AN HABITUAL OFFENDER WITH SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ„ CONCUR.