GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. Jamal Pritchett was convicted of robbery by use of a deadly weapon and sentenced to ten years in the custody of the Mississippi Department of Corrections. On appeal, Pritchett claims that the circuit court: (1) erred in allowing evidence regarding gang membership because the State did not lay a proper foundation to show a connection between gang membership and the, crime and (2) erred in denying his motion for a new trial because the verdict is against overwhelming weight of the evidence. We find no error and affirm.
 

 FACTS
 

 ¶ 2. On October 17, 2007, Pritchett visited a Texaco gas station near the Highway 39 and 45 by-pass in Meridian, Mississippi. There was only one older clerk working at the gas station. Pritchett later visited some friends, and they collectively decided to rob a store. The group chose to rob the Texaco, so they obtained a gun.
 

 ¶ 3. After 3:00 a.m., Pritchett, Rodrickas Marsh, and Octavious McNeil arrived at the Texaco gas station. Pritchett agreed
 
 *547
 
 to enter the store first and wave when it was clear for Marsh and McNeil to enter. Marsh testified that Pritchett entered the store first. Marsh and McNeil, who were masked and armed, entered and robbed the clerk at gunpoint. After the robbery, Pritchett left the store followed closely by Marsh and McNeil.
 

 ¶ 4. After leaving the store, Pritchett, Marsh, and McNeil split up the money and talked about the robbery. McNeil testified that Pritchett’s role was to go into the store and wave his hand to let them know if everything was clear so he and Marsh could come inside. On the video surveillance from the Texaco gas station, Pritch-ett is shown waving his hand shortly before the other two entered the gas station.
 

 ¶ 5. Although Pritchett claims he had nothing to do with the robbery, he was in the same vehicle as Marsh and McNeil. Both Marsh and McNeil testified that they were involved in the robbery of the store and testified that Pritchett was also involved.
 

 ¶ 6. After a trial on December 10, 2008, the jury found Pritchett guilty of robbery by use of a deadly weapon.
 

 ANALYSIS
 

 1. Did the circuit court err in allowing the jury to hear evidence about gang membership?
 

 ¶ 7. Pritchett argues that the circuit court erred in allowing the jury to hear evidence about Pritchett’s alleged involvement in a gang. The State responds that any reference to Pritchett’s connection with a gang was minimal and harmless to Pritchett’s defense.
 

 ¶ 8. The circuit judge “enjoys a considerable amount of discretion as to the relevancy and admissibility of evidence.”
 
 Shearer v. State,
 
 423 So.2d 824, 826 (Miss. 1982). We will not reverse the ruling of a circuit judge unless he abused his discretion and caused the accused to experience prejudice.
 
 Id.
 

 ¶9. In a statement given to Detective Jay Arrington with the Meridian Police Department, Pritchett admitted that two of the people with him on the night of the robbery were in the same gang, and two others were in a different gang. Defense counsel objected to this reference to gangs in a pre-trial hearing and without the jury present. The prosecutor argued that the statement showed a possible gang connection and should be admitted. The circuit judge ruled that the statement was admissible. There was no mention of a gang affiliation or any attention drawn to that wording within those documents during trial.
 

 ¶ 10. During his testimony, Detective Arrington mentioned the word gang twice in reference to the decor of the room where the gun was found during the search of a home that was not Pritchett’s. The only other time that the word gang was used was during the prosecutor’s closing argument when he argued that Pritch-ett had helped plan this crime in a room decorated with “pitchfork and six pronged stars on the wall.” The jury heard the word gang a minimal amount of times, and it was never told that Pritchett was in a gang.
 

 ¶ 11. Evidence of bad acts will be admitted under Mississippi Rule of Evidence 404(b) if they are introduced to prove “motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.”
 
 Denham v. State,
 
 966 So.2d 894, 899 (¶ 18) (Miss.Ct.App.2007) (quoting M.R.E. 404(b)). Here, the circuit judge found that Pritchett’s statement regarding his gang membership was relevant under Mississippi Rule of Evidence 401. Mississippi Rule of Evidence 401 “makes no dis
 
 *548
 
 tinction between relevancy and materiality.” M.R.E. 401(a) cmt. If the evidence has any probative value at all, the rule favors its admission.
 
 Id.
 
 The circuit judge found that the evidence had some probative weight and that its probative value substantially outweighed the danger of unfair prejudice. M.R.E. 403. The court also determined that limited statements about gang membership went to show possible motive, opportunity, intent, or preparation. M.R.E. 404(b).
 

 ¶ 12. “Evidence of other bad acts committed by a defendant is not generally admissible as a part of the State’s case-in-chief.”
 
 Powell v. State,
 
 878 So.2d 144, 149 (¶ 21) (Miss.Ct.App.2004). However, the sparse reference by the State to Pritch-ett’s possible gang membership was not part of the State’s case-in-chief. As we find no abuse of discretion by the circuit judge, this issue is without merit.
 

 2. Is the jury’s verdict against the overwhelming weight of the evidence?
 

 ¶ 13. Pritchett claims that the jury’s verdict is against the overwhelming weight of the evidence. The State counters that there was an ample amount of evidence to support the jury’s verdict.
 

 ¶ 14. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844 (¶ 18) (Miss.2005). The appellate court must accept as true all evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.
 
 Swann v. State,
 
 806 So.2d 1111, 1117 (¶25) (Miss.2002) (citing
 
 Herring v. State,
 
 691 So.2d 948, 957 (Miss.1997)). The power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.
 
 Id.
 
 “This court does not have the task of re-weighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible.”
 
 Langston v. State,
 
 791 So.2d 273, 280 (¶ 14) (Miss.Ct.App.2001).
 

 ¶ 15. Here, there was a substantial amount of evidence against Pritchett. There are surveillance videos that documented both of his visits to the Texaco gas station. The jury heard his co-defendants testify that Pritchett was involved with the planning and execution of the robbery. In fact, McNeil testified that Pritchett was the lookout, and Pritchett was supposed to wave his hand if it was clear to rob the clerk. The surveillance video shows Pritchett waiving his hand shortly before the clerk was robbed.
 

 ¶ 16. After the jury watched the videos and heard the evidence, they found Pritch-ett guilty. The evidence supports this finding. No unconscionable injustice will result by allowing this verdict to stand.
 

 ¶ 17. “The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of the witnesses, and determining whose testimony should be believed.”
 
 Ford v. State,
 
 737 So.2d 424, 425 (¶8) (Miss.Ct.App.1999) (citing
 
 McClain v. State,
 
 625 So.2d 774, 781 (Miss.1993)). The jury’s verdict is not against the overwhelming weight of the evidence, and the circuit court properly denied Pritchett’s motion for a new trial. Thus, this issue has no merit.
 

 ¶ 18. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF CONVICTION OF ROB
 
 *549
 
 BERY BY USE OF A DEADLY WEAPON AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A $500 FINE, $1000 TO THE VICTIMS’ COMPENSATION FUND, AND RESTITUTION OF $207 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT.