GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. Terrance Conner was convicted of possession of a fireax'm by a convicted felon under Mississippi Code Annotated section 97-37-5(1) (Supp.2009). He was sentenced to serve six and one-half years in the custody of the Mississippi Department of Corrections, with five years to serve, one and one-half years suspended, and five years of post-release supervision. On appeal, Conner claims that the circuit court erred when it: (1) denied his motion for a directed verdict and for a judgment notwithstanding the verdict (JNOV), (2) denied his motion for a new trial because the verdict is against the overwhelming weight of the evidence, and (3) allowed a witness offered by the State to give testimony derived from specialized knowledge without being qualified as an expert witness. We find no reversible error and affirm.
 

 
 *302
 
 FACTS
 

 ¶ 2. Captain Milton Williams of the Clarksdale Police Department was patrolling the area of Chapel Hill Heights on the night of October 15, 2008. At approximately midnight, Captain Williams heard what sounded like gunshots. Captain Williams and Officer William Gerald, who was patrolling nearby, proceeded to check the area.
 

 ¶ 3. Officer Gerald approached two men who were in the area. One of the men ran away. Officer Gerald then announced over the radio that one of the men was running. Captain Williams, who was one street over, testified that he then saw Conner run in front of his patrol car; Conner had one arm swinging and one arm holding his waist. Captain Williams did not see a weapon on Conner when he ran in front of his car, but he did say that he was holding his waist with one of his hands.
 

 ¶ 4. As Conner ran by, Captain Williams shouted for him to stop and began to chase him on foot. During the chase, Captain Williams said that he saw Conner throw a black handgun down to the grass. Captain Williams continued the chase and eventually wrestled Conner to the ground. At trial, Conner testified that he did not have a gun and was running because he thought there was a warrant for his violation of his probation. Captain Williams testified that during the arrest, Conner made the comment: “Milton, you know I’m on paper.” Captain Williams interpreted this statement to mean that Conner was on probation or that he had been convicted of a crime. Conner denied that he made this statement.
 

 ¶ 5. Captain Williams returned to the area where he saw Conner throw the gun down, and he recovered a .22-caliber pistol. Conner argued that this was not a well-lit area. However, Captain Williams testified there were street lights approximately 50 to 100 feet away, and there were lights on the buildings in the area. Captain Williams said he had no doubt that he saw Conner throw the gun down.
 

 ¶ 6. The next day, Captain Williams called Officer Ulyda Johnson and told her that he thought Conner was a convicted felon. Officer Johnson then discovered that Conner previously had been convicted of felony burglary of a dwelling. Conner was charged with possession of a firearm by a convicted felon.
 

 ¶ 7. Officer Johnson then sent the gun to the crime lab for fingerprint analysis. The crime lab did not find any prints of value for comparison on the gun. During trial, Officer Johnson testified that the surface of the gun can affect whether or not fingerprints can be retrieved. She testified that a smooth, dry surface is the best for retrieving fingerprints. She then said that the gun involved in this case had a smooth handgrip.
 

 ¶ 8. Conner’s counsel objected to Officer Johnson’s statements about fingerprint analysis. Conner’s counsel argued that Officer Johnson’s testimony was derived from specialized knowledge gained by education or experience and is improper lay-witness testimony. The circuit court overruled the objection and allowed Officer Johnson to testify.
 

 ¶ 9. The jury found Conner guilty of being a convicted felon in possession of a firearm.
 

 ANALYSIS
 

 1. Whether the circuit court erred when it denied Conner’s motion for a directed verdict and for a judgment notwithstanding the verdict?
 

 ¶ 10. Conner argues that his motion for a directed verdict and for a JNOV should have been granted because
 
 *303
 
 the State failed to meet its burden of proof. The standard of review for denial of a motion for a directed verdict or for a JNOV is the same.
 
 Alford v. State,
 
 656 So.2d 1186, 1189 (Miss.1995). When reviewing a motion for a directed verdict, the Court looks to the sufficiency of the evidence.
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005). All of the evidence must be construed in the light most favorable to the prosecution.
 
 Id.
 
 “We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.”
 
 McClain v. State,
 
 625 So.2d 774, 778 (Miss.1993) (citations omitted).
 

 ¶ 11. Conner contends that the State failed to meet its burden of proof. Mississippi Code Annotated section 97-37-5(1) provides that: “It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm ...” Conner admits that he was a convicted felon. Conner disputes that he was in possession of a gun. Conner argues that Captain Williams could not be certain that Conner threw down the gun due to the poor lighting conditions. Conner also contends that there would have been fingerprints on the smooth handgrip of the gun if he had handled it.
 

 ¶ 12. We find that the State met its burden of proof based on Captain Williams’s testimony, coupled with the fact that the gun was recovered where he said he had seen Conner drop it. Captain Williams testified that there was no doubt that he saw Conner throw a gun down to the grass. Despite Conner’s argument that he was not in possession of a gun, a review of the evidence, in the light most favorable to the prosecution, shows that there was sufficient evidence for a reasonable juror to find Conner guilty of being a convicted felon in possession of a firearm.
 

 2.
 
 Whether the verdict is against the overwhelming weight of the evidence?
 

 ¶ 13. Conner next argues that the circuit court erred when it overruled his motion for a new trial since the verdict is against the overwhelming weight of the evidence. The State counters that the testimony was sufficient to convict Conner of possession of a weapon by a convicted felon.
 

 ¶ 14. “When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush,
 
 895 So.2d at 844 (¶ 18). The evidence is weighed in the light most favorable to the verdict.
 
 Id.
 
 “[T]he power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.”
 
 Id.
 
 (quoting
 
 Amiker v. Drugs for Less, Inc.,
 
 796 So.2d 942, 947 (¶ 18) (Miss.2000)). If the verdict is against the overwhelming weight of the evidence, the proper remedy is to grant a new trial.
 
 Id.
 
 “This Court does not have the task of re-weighing the facts in each ease to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible.”
 
 Langston v. State,
 
 791 So.2d 273, 280 (¶ 14) (Miss.Ct.App.2001).
 

 ¶ 15. There was conflicting evidence in this case. Conner denies the State’s assertion that he was in possession of a firearm. Conner argues that it was too dark and that Captain Williams was too far away to have seen him in possession of a gun. He also argues his fingerprints
 
 *304
 
 would have been on the gun if he had handled it. Captain Williams testified that he was sure that he saw Conner throw the weapon down in the grass. The gun was later recovered in the spot that Captain Williams said he saw Conner throw it down.
 

 ¶ 16. “The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed.”
 
 Ford v. State,
 
 737 So.2d 424, 425 (¶8) (Miss.Ct.App.1999) (citing
 
 McClain,
 
 625 So.2d at 781). The jury found Conner guilty after hearing the conflicting evidence. Thus, we find that the circuit court properly denied Conner’s motion for a new trial because the jury’s verdict is not against the overwhelming weight of the evidence.
 

 3. Whether the circuit court erred when it allowed the testimony of Officer Johnson?
 

 ¶ 17. Officer Johnson was called by the State as a lay witness to testify about external factors that affect whether or not fingerprints can be recovered off of a gun. Conner’s counsel objected and argued that Officer Johnson was not an expert in fingerprint analysis. The circuit court judge overruled the objection and allowed Officer Johnson to testify according to her training and experience. Conner argues that this was error, and the State counters that if the circuit court erred in its ruling, it was harmless error.
 

 ¶ 18. The standard of review regarding the admission or exclusion of evidence is abuse of discretion.
 
 Wade v. State,
 
 588 So.2d 965, 967 (Miss.1991). This Court “will not reverse the ruling of a circuit judge unless he abused his discretion and caused the accused to experience prejudice.”
 
 Pritchett v. State,
 
 32 So.3d 545, 547 (¶ 8) (Miss.Ct.App.2010) (quoting
 
 Shearer v. State,
 
 423 So.2d 824, 826 (Miss.1982)). To warrant reversal, an error in an evidentiary ruling by the trial court must have “the effect of denying the defendant a fundamentally fair trial.”
 
 Martin v. State,
 
 726 So.2d 1210, 1214 (¶ 13) (Miss.Ct.App.1998).
 

 ¶ 19. Rule 701 of the Mississippi Rules of Evidence provides:
 

 If the witness is not testifying as an expert, the witness’s testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to the clear understanding of the testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.
 

 ¶ 20. The supreme court has held that it is possible for an expert in an area of knowledge to give a lay opinion, but not if the witness is operating in his professional capacity.
 
 Miss. State Hwy. Comm’n v. Gilich,
 
 609 So.2d 367, 377 (Miss.1992). “[W]here a witness is to give testimony derived from specialized knowledge gained by education or experience, the testimony is not lay opinion testimony.”
 
 Id.
 

 ¶ 21. The State offered Officer Johnson as a lay witness. However, the State asked Officer Johnson about external factors that affect whether or not fingerprints are likely to be found on a handgun. Officer Johnson’s testimony was based on her experience as an officer and the training she had received in fingerprint analysis. Officer Johnson’s testimony was that of an expert witness. Thus, the circuit court erred when it allowed Officer Johnson to testify as to matters derived from her specialized knowledge.
 

 
 *305
 
 ¶ 22. Even though Officer Johnson’s testimony was improper lay-witness testimony, Conner has failed to show how he was prejudiced or denied a fundamentally fair trial. In fact, Officer Johnson’s testimony actually supported Conner’s claims that the gun was not his because it did not bear his fingerprints. Officer Johnson’s testimony that the smooth surface of the gun was the best for retrieving fingerprints supported Conner’s argument that his fingerprints would have been on the gun if he had handled it. We find no prejudice to Conner’s defense by Officer Johnson’s testimony. Therefore, although we find error in this issue, the error does not constitute reversible error.
 

 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF SIX AND ONE-HALF YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH ONE AND ONE-HALF YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHO-MA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.