# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-KA-00311-SCT

*WALTER DEWAYNE SANFORD a/k/a WALTER SANFORD a/k/a WALTER D. SANFORD*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/07/2017 |
| TRIAL JUDGE: | HON. CLAIBORNE McDONALD |
| TRIAL COURT ATTORNEYS: | JOHN MICHAEL HORAN |
| | JAMES L. GRAY |
| | JOHN A. HOWELL |
| | CURTIS LEE HAYS |
| | VANESSA J. JONES |
| | HALDON J. KITTRELL |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY: W. DANIEL HINCHCLIFF |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | HALDON J. KITTRELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/03/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., COLEMAN AND MAXWELL, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Walter Dewayne Sanford was convicted in Pearl River County Circuit Court for

aggravated DUI causing death under Mississippi Code Section 63-11-30(5). Having found

no appealable issues, Sanford's counsel filed a ***Lindsey*** brief.[1] Sanford argues, *pro se*, insufficiency of the evidence. Finding the conviction is supported by legally sufficient evidence, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On a clear afternoon around 3:00 on November 20, 2014, Sanford was driving with his passenger, Teresa Ann Spiers, on Interstate 59 South in a grey sedan owned by Sanford's mother. Kendra Newton, who was driving on Interstate 59 North, saw Sanford make a u-turn in the median and join the northbound lane of traffic. Norma Richard, also traveling northbound, reported that Sanford had crossed the median and started driving north.[2] Once Sanford was across the median and traveling in the northbound lanes, both Newton and Richard observed him driving erratically, including speeding up and slowing down several times in the left lane. Newton reported that, eventually, Sanford drove behind her vehicle in the right lane. Newton was about to exit Interstate 59 when Sanford crashed into the rear of Newton's car.

¶3.     Emergency crews arrived at the scene of the accident and encountered Sanford trying to administer CPR to Spiers. Fireman Darren Dennis asked Sanford, "Man, what happened?"

---

[1]***Lindsey v. State***, 939 So. 2d 743, 748 (¶ 18) (Miss. 2005) (establishing the procedure to be used when "appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]").

[2]Richard testified by video deposition. An agreed order was entered allowing the testimony by video deposition. Mississippi Rule of Criminal Procedure 17.5, effective July 1, 2017, now provides a procedure for trial depositions in criminal cases.

to which Sanford replied that he had "swerved or lost control and flipped the vehicle." Sanford's statements caused Dennis to believe Sanford had been driving the vehicle.

¶4.     Newton, Sanford, and Spiers were taken to the hospital. Newton and Sanford survived, but Spiers passed away shortly after the accident. Dr. Lisa Leek, the emergency room physician, testified Spiers had died from "blunt force trauma to her head" caused by the accident.

¶5.     Sanford admitted he had been drinking before the accident, and his blood alcohol concentration (BAC) was 0.23%. First responders also found several empty cans of beer inside and around Sanford's car. The grand jury indicted Sanford for DUI causing death.

¶6.     At trial, Sanford testified Spiers was driving the vehicle, not him. Sanford's mother, Bobbie Sanford, also testified that Spiers was driving when they had left her house that morning. However, Newton testified that "the guy [Sanford] was driving," not the woman. And Richard testified that it "looked like a male" was driving the vehicle.

¶7.     Sanford disputed Newton's account of Sanford's actions and countered that Newton had crashed into the back of his and Spiers's vehicle, causing the wreck. On cross-examination, Newton acknowledged that photographs in evidence showed no dent on the bumper of her car and showed considerable damage to the front of her car. Neither the prosecution nor the defense called an accident reconstructionist to testify.

¶8.     On January 20, 2017, the jury returned a unanimous verdict against Sanford. Because Sanford had two prior DUI convictions, the trial court sentenced him to twenty-five years in prison. Sanford filed a motion for judgment notwithstanding the verdict (JNOV) or, in the

3

alternative, for a new trial, arguing the verdict was not supported by sufficient evidence and was against the overwhelming weight of the evidence. The trial court denied Sanford's motion, and Sanford filed a notice of appeal.

**DISCUSSION**

### I. Sanford's *Pro Se* Supplemental Brief

#### A. Issue Presented

¶9. Sanford raises two issues in his *pro se* brief. First, he argues he is "actually innocent" of causing the accident. If he means there is evidence to prove his "actual innocence," that argument is for post-conviction proceedings under Mississippi Code Section 99-39-5. If he means the State failed to prove his guilt, he is attacking the sufficiency of the evidence, which is his second argument. And Sanford preserved his sufficiency-of-the-evidence challenge by moving for directed verdict and JNOV.

#### B. Standard of Review

¶10. When testing the sufficiency of the evidence, this Court uses a *de novo* standard of review. *Brooks v. State*, 203 So. 3d 1134, 1137 (¶ 11) (Miss. 2016). "The relevant question is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Hearn v. State*, 3 So. 3d 722, 740 (¶ 54) (Miss. 2008) (citation omitted). The evidence is viewed in the light most favorable to the State. *Henley v. State*, 136 So. 3d 413, 415 (¶ 8) (Miss. 2014).

#### C. Analysis

4

¶11. Sanford was convicted of aggravated DUI causing death under Mississippi Code Section 63-11-30(5), which provides,

> **Aggravated DUI.** (a) Every person who operates any motor vehicle in violation of subsection (1) of this section [*i.e.*, while having an alcohol concentration in the person's blood of .08% or more] and who in a negligent manner causes the death of another . . . shall, upon conviction, be guilty of a . . . felony . . . and shall be committed to the custody of the State Department of Corrections for a period of time of not less than five (5) years and not to exceed twenty-five (25) years for each death. . . ."

Miss. Code Ann. § 63-11-30(5) (Rev. 2013).

¶12. Sanford admitted to drinking the day of the accident, and the State presented evidence that Sanford's BAC was 0.23%. The only contested points in the evidence were whether Sanford was driving and how the accident occurred.

¶13. Sanford testified–and continues to assert on appeal–that he was not driving the day of the accident. However, the State presented two witnesses–Newton and Richard–who testified that Sanford was the driver of the car. Darren Dennis, the fireman who arrived on the scene, further testified that, when asked what happened, Sanford said that he "swerved or lost control and flipped the vehicle." And that caused Dennis to believe Sanford was the driver of the car. "[W]hen the evidence is conflicting, the jury will be the sole judge of the credibility of witnesses and the weight and worth of their testimony. . . . [T]he credibility of witnesses is not for the reviewing court." ***Ross v. State***, 954 So. 2d 968, 1031 (¶ 196) (Miss. 2007) (quoting ***Hughes v. State***, 735 So. 2d 238, 276–77 (¶ 177) (Miss 1999)); *see also* ***Howell v. State***, 860 So. 2d 704, 731 (¶ 92) (Miss. 2003) ("The jury alone determines the weight and worth of any conflicting testimony."). The State introduced evidence that, if

believed by the jury, established Sanford as the driver of the car; the conflicting evidence in this case was for the jury to resolve.

¶14. The same is true for how the accident occurred. Sanford testified Newton hit the back of his car, and Newton testified Sanford hit the back of her car. Multiple pictures taken immediately after the accident were admitted into evidence as exhibits. It was the province of the jury to examine this evidence and decide how the accident occurred. *Cowan v. State*, 399 So. 2d 1346, 1350 (Miss. 1981).

## II.    Appellate Counsel's *Lindsey* Brief

¶15. Sanford's appellate counsel filed a *Lindsey* brief, asserting that he could not find any arguable issues for appeal. *Lindsey v. State*, 939 So. 2d 743, 748 (¶ 18) (Miss. 2005). This Court has reviewed the record and briefs and likewise finds no arguable issues to address on direct appeal. *Id.*

## CONCLUSION

¶16. Sanford's *pro se* argument of insufficiency of the evidence lacks merit, because the State presented evidence that established beyond a reasonable doubt every essential element of aggravated DUI causing death. Sanford's appellate counsel complied with this Court's requirements for filing a *Lindsey* brief. After a thorough review of the record, we could not find any arguable issues that would have required additional briefing. Therefore, we affirm the judgment and sentence of the Pearl River County Circuit Court.

¶17. **AFFIRMED.**

**RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**