# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-01081-COA

WALTER BRYAN BROOKS A/K/A WALTER          APPELLANT
BROOKS A/K/A WALTER BRIAN BROOKS

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2023 |
| TRIAL JUDGE: | HON. STANLEY ALEX SOREY |
| COURT FROM WHICH APPEALED: | SIMPSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | CHRISTOPHER DOUGLAS HENNIS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/18/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., LAWRENCE AND EMFINGER, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. On March 29, 2021, Harold Brooks called the police from his home about a disturbance with his son, Walter Bryan Brooks (Bryan). Investigator Adam Scarborough arrived at Harold's house and observed Bryan remove two items from his pockets and then conceal them with a magazine on a table. Investigator Scarborough received permission from Harold to search the table, and Investigator Scarborough found .4 grams of methamphetamine and an Astra .25-caliber pistol. After trial, a Simpson County Circuit Court jury convicted Bryan of possessing a controlled substance and being a felon in

possession of a firearm. He was sentenced to serve ten years in custody day-for-day for the possession of a firearm conviction and six years day-for-day for the drug possession conviction. Bryan appeals and asserts that the evidence was insufficient to convict him of being a felon in possession of a firearm and that the evidence was insufficient to convict him of possession of a controlled substance. After review, we affirm the judgment of conviction and sentencing.

¶2. At trial, the State first called Investigator Scarborough from the Simpson County Sheriff's Office to testify. Investigator Scarborough testified that on March 29, 2021, Harold, Bryan's elderly father, called the police due to a "disturbance" from Bryan at Harold's residence. Investigator Scarborough went to the scene and knocked on Harold's front door. Harold "told [Investigator Scarborough] to come inside." Investigator Scarborough testified that his objective was "to get [Bryan] removed from the home." Once inside, Investigator Scarborough was approximately "15 feet" away from Bryan and saw him standing in "an open doorway that led to a hallway." Bryan walked down the hallway and "pulled an object out" of his right pocket and placed it on a table. Bryan then "stuck his left hand in his pocket" and pulled out "just a black item" and also laid it on the table. In an effort to "conceal" the items, Bryan "pulled a magazine that was laying on the table" over the two items. After this observation, Investigator Scarborough "escorted [Bryan] outside." While outside, Investigator Scarborough asked Bryan, "[W]hen was the last time that [Bryan] had used methamphetamine?" Bryan responded that he used it "earlier in the day." Deputy Payne with

2

the sheriff's office was on the scene by this time and stood with Bryan while Investigator Scarborough went back inside. Investigator Scarborough then received permission from Harold to "go and see what items that [Bryan] pulled from his pockets and placed on the table." Investigator Scarborough testified that he found an "Astra pistol and also a black sock that contained a glass pipe commonly used to smoke methamphetamine and also a crystalline substance that [Investigator Scarborough] believed to be methamphetamine."

¶3.     During Investigator Scarborough's cross-examination, he explained that Harold "was very upset about the . . . gun" because Harold claimed that it was his and had been "missing." Investigator Scarborough took a picture of the gun and its serial number and returned the gun to Harold.

¶4.     Investigator Chris Wallace from the Simpson County Sheriff's Office was the next witness to testify. He explained, as the evidence custodian, that the methamphetamine obtained at the scene had been in the custody and control of the Simpson County Sheriff's Office and returned to Investigator Wallace by Investigator Scarborough after it went to the Mississippi Forensics Laboratory for testing.

¶5.     The State next called forensic scientist Archie Nicholas from the Mississippi Forensics Laboratory. The parties stipulated to his expertise, and he was accepted as an expert in the field of forensic science in the area of controlled substances. He testified that the substance found on Harold's table tested positive for methamphetamine. Nicholas explained that each piece of evidence at the State's crime lab must go through many

safeguards to ensure the evidence they receive is protected and not tampered with.

¶6. After Nicholas testified, the State rested its case-in-chief. Bryan moved for a directed verdict, which was denied. After jury instructions and closing argument, the jury found Bryan guilty of Count I (Felon in Possession of a Firearm) and Count II (Possession of Methamphetamine of more than .1 gram but less than 2 grams). Following his conviction, the court found Bryan was a habitual offender and sentenced him to serve ten years day-for-day for Count I and six years day-for-day for Count II in the custody of the Mississippi Department of Corrections. The court ordered his sentences to run consecutively. Bryan appealed and raised two issues. First, he argues the evidence was insufficient to convict him of being a felon in possession of a firearm. Second, that the evidence was insufficient to convict him of possession of a controlled substance.

## STANDARD OF REVIEW

¶7. Sufficiency-of-the-evidence claims are reviewed de novo. *Sanford v. State*, 247 So. 3d 1242, 1244 (¶10) (Miss. 2018). When reviewing a challenge to the sufficiency of the evidence, "[t]he relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted) (quoting *Hearn v. State*, 3 So. 3d 722, 740 (¶54) (Miss. 2008)). The evidence is viewed in the light most favorable to the State, and the State is given all favorable inferences that can be reasonably drawn from the evidence presented at trial. *Henley v. State*, 136 So. 3d 413, 416 (¶8) (Miss. 2014). "This Court will reverse and render only when the facts point

so overwhelmingly in favor of the defendant that reasonable men could not have found, beyond a reasonable doubt, the defendant was guilty." *Jones v. State*, 991 So. 2d 629, 634 (¶11) (Miss. Ct. App. 2008).

## ANALYSIS

¶8.     First, Bryan raised the issue that the evidence was insufficient to convict him of being a felon in possession of a firearm. To prove possession of a firearm by a felon, the State must prove (1) the defendant possessed a firearm, and (2) the defendant had previously been convicted of a felony crime.[1] Miss. Code Ann. § 97-37-5 (Rev. 2014). The supreme court explained that "one who is the owner in possession of the premises . . . is presumed to be in constructive possession of the articles found in or on the property possessed." *Hamburg v. State*, 248 So. 2d 430, 432 (Miss. 1971). In "cases where the defendant is not the owner of the premises or in exclusive possession, then the State must prove [possession by] some 'competent evidence connecting him with the contraband.'" *Gavin v. State*, 785 So. 2d 1088, 1093 (¶17) (Miss. Ct. App. 2001) (quoting *Powell v. State*, 355 So. 2d 1378, 1379 (Miss. 1978)).

¶9.     The Mississippi Supreme Court has defined circumstantial evidence as "evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact does exist. Conversely, eye witness testimony is thought of as direct evidence."

---

[1] The second element is not at issue because both Bryan and the State stipulated that Bryan had been convicted of a felony.

*Keys v. State,* 478 So. 2d 266, 268 (Miss. 1985); *see also Nevels v. State*, 325 So. 3d 627, 634 (¶20) (Miss 2021) (reaffirming that "the law makes no distinction between direct and circumstantial evidence" to a jury). Furthermore, this Court has explained that "eyewitness testimony, even in the absence of physical evidence, is legally sufficient . . . ." *Gilmore v. State*, 796 So. 2d 1037, 1039 (¶10) (Miss. Ct. App. 2001) (citing *Grant v. State*, 762 So. 2d 800, 804 (¶9) (Miss. Ct. App. 2000)).

¶10.    The Mississippi Court of Appeals ruled on a similar issue in *Conner v. State*, 45 So. 3d 300 (Miss. Ct. App. 2010).  At trial, Conner denied being in possession of the gun. *Id.* at 303 (¶15). He argued that it was too dark outside and that a police officer was too far away to have seen him in possession of a gun. *Id.* at 304 (¶15). Conversely, the officer testified that he was sure that he saw Conner throw the weapon down in the grass, and the gun was later recovered in the spot where the officer saw Conner throw it down. *Id.* The jury found Conner guilty of being a felon in possession of a firearm. *Id.* at 302 (¶9). Conner appealed and argued that there was insufficient evidence to prove his guilt. *Id.* at 303 (¶10). This Court held that despite Conner's argument, when viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for a reasonable juror to find him guilty of being a felon in possession of a firearm. *Id.* at (¶12).

¶11.    Here, Investigator Scarborough saw Bryan take two items from his pockets, place them on a table, and conceal them with a magazine. Shortly after, Investigator Scarborough recovered the gun and drugs in the exact location where Bryan had placed the items on the

table. Although Investigator Scarborough could not identify what the items were when Bryan pulled them out of his pockets, there was "competent evidence connecting him with the contraband." *Gavin*, 785 So. 2d at 1093 (¶17). Bryan was "connected" to the contraband because he had the items in his pockets, and Investigator Scarborough was approximately fifteen feet away when he saw Bryan take them out of his pockets and place them on the table. Investigator Scarborough identified the items minutes after Bryan attempted to conceal them with a magazine. There was sufficient evidence for the jury to find beyond a reasonable doubt that Bryan was in possession of the gun and the methamphetamine.

¶12. Second, Bryan raised the issue that the evidence was insufficient to sustain the verdict for possessing a controlled substance. This issue is seemingly the same as the first issue and after review, we find that there was sufficient evidence to determine that Bryan was in possession of the methamphetamine.

¶13. During trial, the defense suggested Bryan's elderly and purportedly immobile father might have put the items on the table. The issue of who possessed the items on the table was a matter for the jury to resolve. *Conner*, 45 So. 3d at 304 (¶16). The jury found that Bryan was in possession of the methamphetamine and the Astra .25-caliber pistol. This Court must refrain from deciding whether we think the State proved the elements. *Poole v. State*, 46 So. 3d 290, 293-94 (¶20) (Miss. 2010). Rather, we must affirm the conviction as long as there is sufficient evidence for a rational juror to find that the State in fact proved all the elements of the offense. *Id*. Relying on Investigator Scarborough's testimony, there was sufficient

7

evidence for the jury to find beyond a reasonable doubt that Bryan was in constructive possession of the methamphetamine and the weapon.

## CONCLUSION

¶14. After a review of the evidence in the light most favorable to the State, the evidence shows that there was sufficient evidence for a rational juror to find Bryan guilty beyond a reasonable doubt of being a felon in possession of a firearm and of possessing a controlled substance.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**